*OLDHAM* vs *CROGHAN.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioner states, that by an article of agreement entered into between him and George Croghan, it was stipulated that in consideration of the labor of a gang of slaves placed on the plantation of Croghan, he would pay to the plaintiff the sum of four thousand and eighty dollars.

That the slaves mentioned in the agreement were put on the plantation and cultivated it during the stipulated time. That he has only received $2000, and some horses, and farming utensils in payment, and that certain persons now in possession of the plantation, the said Croghan, having clandestinely left the state, have taken possession of the property sold and delivered to him. He concludes by praying judgment for the balance that may be due him, and a writ of sequestration for the horses and farming utensils.

The defendant pleaded the general issue. George and Robert Bell, who were charged with having taken possession of the property sold to petitioner, denied that he had any

East'n. District.
*April* 1825.

OLDHAM
*vs.*
CROGHAN.

A synallagmatic agreement may be given in evidence, though not executed in double.

OLDHAM
*vs.*
CROGHAN.

privilege on it, and alleged that they had acquired it by purchase from Croghan, in whose possession it was at the time of sale, and by whom it was delivered to them.

When the cause was on trial, the plaintiff offered in support of the allegations contained in his petition, an agreement between him and the defendant Croghan.   The introduction of this document was objected to, on the ground that it had not been executed in duplicate. This objection was sustained by the court; upon which the plaintiff offered the deposition of a witness, to shew that the defendant had executed the agreement.   The testimony was opposed, because it was proving a parol contract, when plaintiff had declared upon a written agreement; of this opinion also was the judge, and the plaintiff suffered a nonsuit, and appealed.

We think the judge erred.   The objection made, seems to us to have mistaken entirely the nature of the proof offered; it was not as defendant stated, to prove a parol contract where a written one was declared on; but it was to prove a written one *had been executed*, and the same declared on in the pleadings. On recurring to the petition to ascertain whe-

ther this evidence would have differed from the allegations therein contained, we find that instead of presenting any variance, it is in strict conformity with them. The petition states, that a written agreement had been entered into, containing a stipulation, the plaintiff should hire the defendant certain slaves; that in pursuance thereof he did deliver them; that the defendant received them, that they worked on his plantation a year, and that he paid a con_siderable part of the hire. The bill of excep_tions declares, that the deposition was offered to shew the defendant *had executed his agreement*; which is the very allegation in the petition, for we are at a loss to conceive in what other manner he could have executed it, than by receiving the property, and paying the money agreed on for the hire.

We also think the judge erred in refusing to let the paper be read, although it was not executed in duplicate. Our code does not declare that acts under private signature, which contain synallagmatic agreements, are *null*, unless there be as many originals as there are parties, it states they shall not be *valid*. The proof of their not being void, results from another provision, which declares that if exe-

cuted afterwards, they have effect as if made double. Although, therefore, they have not the effect of making proof of every thing contained in them, as they would have, the moment their execution was established, if made in as many originals as there were parties; they are still good as commencement of proof in writing. The obligation contained in them exists, & if it can be legally proved in any other way, its execution must be enforced; according to the maxim of all laws, and one on which we have so often acted, *ut res magis valeat quam pereat.* 12 *Martin*, 713. 6 *Toullier droit civil Français, vol.* 6, *lib.* 3, *tit.* 3, *cap.* 2, *nos.* 22, 23. *ibid, vol.* 8, *cap.* 5, *nos.* 320, 322.

We think therefore, that the instrument offered in the court below, as it was a writing signed by the defendant, and had emanated from him, might on general principles be used in evidence against him. And the question recurs whether there was any thing contained in the petition in this case, which deprived the plaintiff of the right of using it. The objection that has been made on this ground, supposes a degree of technicality in our proceedings, which our laws do not sanction. The statute merely requires a plaintiff to state

his cause of action with the necessary circum-
stances of places, and dates. The best rule
to insure a compliance with this provision is,
to relate the case, as it has occurred, without
running into unnecessary prolixity. This has
been done, and we do not think the petition
need have set out in what manner the writing
was to have its effect; as a commencement of
proof in writing, or as made double. Had it
been executed in the latter form, and suit
brought on it, there would have been as much
reason for objecting to the petition, because it
did not state that the instrument was obligato-
ry, in consequence of having been so made; as
there is in the present case, because it is not
alleged that it has effect as a commencement
of proof in writing. And yet, in the case first
put, it is hard to believe such an exception
would have been thought of. It is sufficient to
apprise the adversary of the *facts* on which a
claim is set up against him. The legal con-
sequences resulting from them, may be shewn
on the trial. The plaintiff appears to have re-
lated his case as it occurred, and we would
greatly regret if a suitor in our tribunals could
be turned out of court, and mulcted in costs,
because he did not do something more.

OLDHAM
*vs.*
CROGHAN.

It is therefore ordered, adjudged and decreed that the judgment of the district court, be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the cause be remanded, with directions to the district judge to admit the agreement offered by plaintiff as a commencement of proof in writing, and also to permit him to prove it was executed in part by the defendant, and that the appellee pay the costs of this appeal.

*Strawbridge* for the plaintiff, *Pierce* for the defendant.